LAND, J.
 

 The real estate of the Loisel Sugar Company, Inc., domiciled in the parish of Iberia, was regularly assessed for taxes for the year 1925.
 

 This property was advertised for sale on June 26, 1926, for the payment of the delinquent taxes for the preceding year.
 

 The plaintiff, J. A. Miller, offered to pay these taxes before the sale, and paid same and costs, with full subrogation to the rights of the state and of the other taxing bodies.
 

 In the year 1927, Mrs. Robert Burleigh purchased this property at tax sale for the delinquent taxes of 1926.
 

 Plaintiff has brought the present suit against the Loisel Sugar Company and against Mrs. Robert Burleigh, the purchaser at tax sale, to recover the amount of the taxes and costs paid by plaintiff as subrogee, and to enforce the tax liens, privileges, and mortgages affecting the property, by having the same seized and sold for the payment of the taxes paid, aggregating $4,305, together with $177.65 costs.
 

 The codefendant, Mrs. Burleigh, contends in her answer that the tax sale in 1927 for the delinquent taxes of 1926 had the effect of destroying the mortgages, liens, and privileges to which the plaintiff was subrogated. She prays that plaintiff’s suit be dismissed, and that plaintiff’s subrogation be canceled and erased from the records of the office of the recorder of mortgages for the parish of Iberia.
 

 Judgment was rendered in favor of plaintiff in the lower court, and the codefendant, Mrs. Burleigh, has appealed.
 

 The present suit was filed August 13, 1928, and is well within the three-year prescription limit against tax privileges, liens and mortgages. Act No. 26 of 1886.
 

 Section 33 of Act No. 170 of 1898 provides: “That from the day said tax roll is filed in said mortgage office it shall act as a lien upon each specific piece of real estate thereon assessed, which shall be subject to a legal mortgage after the 31st day of December of the current year for the payment of the tax due on it, but not for any other tax; which mortgage shall prime and outrank all other mort
 
 *118
 
 gages, privileges, liens, encumbrances or preferences, except tax rolls of previous years.”
 

 Section 89 of Act No. 170 of 1898, as amended by Act No. 138 of 1924, provides: “That tbe State tax collectors on behalf of the State and parish authorities and municipal authorities of the various towns and city governments throughout the State, are hereby authorized and empowered to receive payment from any person other than the person in whose name the property has been assessed, of any taxes demandable by such State, parish or municipal corporations, after the date upon which such tax b'ecomes delinquent and to subrogate the payee of the same to all rights, liens and mortgages of the said State, parish or municipal corporations, incident to or growing out of said tax, and its record in the office required by law,” etc.
 

 Section 92 of Act No. 170 of 1898 provides: “That no sale of property due for taxes
 
 of the year immediately past due
 
 shall in any manner effect [affect], invalidate, or extinguish the claim of the State, or any municipality or parish for the taxes due on said property for any previous year or years either before or since the adoption of the Constitution.”
 

 The above section is decisive of the issue presented in this ease. Under its express terms, the sale of the real estate of the Loisel Sugar Company in 1927 for the taxes of 1926 did not affect, invalidate, or extinguish the claim of the state, or of any of the taxing bodies in this case for the taxes of the previous year, 1925.
 

 As the liens, privileges, and mortgages of the state and of the other taxing bodies for the taxes of 1925 were not affected in any way by the tax sale in 1927 for the taxes of 1926, the plaintiff, as subrogee, could enforce the same in the present suit, as fully as the state and the other taxing bodies could have done, had there been no subrogation. •
 

 Judgment affirmed.